

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2007

# Gordon v. Lappin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gordon v. Lappin" (2007). *2007 Decisions.* Paper 1080.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1080

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-198                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4154
_____

MICHAEL LEE GORDON,

Appellant

v.

HARLEY LAPPIN, Director; M.V. PUGH;
TROY WILLIAMSON, Warden; M.J. ORN, Assoc. Warden;
CHRISTOPHER M. ANGELINI; B. ALBERTSON, Inmate Systems Officer;
ROBERT L. COFFEE, Education Specialist; CHRIS JOHNSON, Education
Specialist; ROBERT F. WOLEVER, Unit Manager; THAD J. HUEBLER,
Case Manager; EARL F. FISHER, Counselor; DONN C. TROTTMAN,
Unit Manager; JASON B. BIRDSALL, Case Manager; JONATHAN GRILL,
Counselor; JEFFREY W. SIMPLER, Property Officer; WAYNE M. LAPP,
Mr. Property Officer; DANIEL P. WOMELDORF, S.H.U. Lt.;
UNITED STATES OF AMERICA; NORBAL VAZQUEZ, Executive Assistant;
G. YOCUM; J. MCCLUSKY

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-CV-00457)
District Judge: Honorable William J. Nealon

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 19, 2007

Before:    RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed  May 21, 2007)

_____

OPINION

_____

PER CURIAM

Michael Lee Gordon appeals from an order of the United States District Court for the Middle District of Pennsylvania, granting summary judgment to the defendants in his civil rights case and dismissing his complaint. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Gordon filed a complaint in the United States District Court for the District of Columbia, which was transferred to the Middle District of Pennsylvania. The Court granted Gordon's motion to amend the complaint and filed his amended complaint on April 29, 2005.[1] That complaint alleged that he was denied access to the courts, and that prison officials retaliated against him because he had complained about being denied access to the courts. The Defendants filed a motion to dismiss, or in the alternative, for summary judgment.

A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the

---

[1] The Court denied a later motion to amend the complaint on August 30, 2005.

constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a non- frivolous, arguable claim is lost. Christopher, 536 U.S. at 415. To state a valid retaliation claim, a prisoner must allege: "(1) constitutionally protected conduct; (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him."). See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

The District Court here properly found that Gordon could not survive summary judgment on either his access to the courts claims or his retaliation claim. The Court determined that to the extent Gordon complained that he was denied access to the courts with regard to two civil actions, summary judgment was appropriate because he failed to file a brief in opposition to the defendants' motion with respect to those claims. The Court determined that with respect to Gordon's two claims that he was denied access to the courts when he missed a court date relating to his direct criminal appeal and when he missed a filing deadline for filing a post-conviction petition, the allegations were sufficient to survive a motion to dismiss, but did not survive summary judgment. The Court noted that Gordon did not submit any documentation relating to his direct criminal appeal and thus failed to support his contention that he missed a filing deadline in his direct appeal. Similarly, although Gordon submitted a court order denying his second

3

post-conviction petition as untimely, he did not submit a court order showing that his <u>first</u> post-conviction petition was untimely, as he alleged in his complaint. Thus, the Court found that defendants were entitled to summary judgment on the access to the courts claims.

With regard to the retaliation claim, the Court found that although Gordon had satisfied the first prong of a retaliation claim by claiming that he had engaged in protected conduct (his right to access the courts), he did not satisfy the second and third prongs. The Court found that Gordon could not show adverse action; <u>i.e.</u>, that he was deterred from exercising his right of access to the courts, as he had 31 civil actions pending in the Middle District alone at the time of the District Court's opinion. The Court also found that he failed to show that there was any causal link between his complaints regarding access to the courts and the alleged adverse actions (being denied correspondence with other inmates, access to state law books, legal phone calls, supplies, etc.). The Court therefore denied summary judgment on the retaliation claim.

After reviewing the District Court record, including Gordon's complaint, the defendants' summary judgment motion and Gordon's objections to the Magistrate Judge's Report and Recommendation, we conclude that Gordon's appeal fails to state a claim on which relief may be granted. We therefore will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).